903 So.2d 1050 (2005)
T.W., a child, Petitioner,
v.
Linda EDWARDS-ELLIS, Superintendent, Leon County Regional Detention Center, Respondent.
No. 1D05-2043.
District Court of Appeal of Florida, First District.
June 17, 2005.
Nancy Daniels, Public Defender, and Justin L. Ward, Assistant Public Defender, Tallahassee, for petitioner.
Charlie Crist, Attorney General, and Alan R. Dakan, Assistant Attorney General, Tallahassee, for respondent.
PER CURIAM.
Previously this court granted T.W.'s petition for writ of habeas corpus by unpublished order. We now issue this opinion to explain our reasons for granting the petition.
T.W. was adjudicated delinquent and committed to a moderate risk facility. Unfortunately, the Department of Juvenile Justice was unable to immediately place T.W. in an appropriate facility and he was temporarily placed in home detention care pursuant to section 985.215(10)(a)1, Florida Statutes (2004). When T.W. was later found by the court to have violated the terms of his home detention, he was placed in secure detention for a period of 21 days. T.W.'s counsel objected and later moved for his client's release after five days in secure detention, arguing that this was the maximum amount of time in secure detention authorized by statute. The motion for release was denied and T.W. then sought relief in this court by petition for writ of habeas corpus.
By its plain terms, section 985.215(10)(b) authorizes only five days of secure detention in these circumstances. The power to place those charged with, or found to have committed, a delinquent act in detention is entirely statutory in nature. S.W. v. Woolsey, 673 So.2d 152 (Fla. 1st DCA 1996); § 985.213(2)(a), Fla. Stat. Moreover, our sister court found that habeas corpus relief was warranted in J.B. v. Rayford, 707 So.2d 434 (Fla. 3d DCA 1998), a case which appears to be indistinguishable from the instant one. In response to our order to show cause, the state admitted it could not show why the petition should not be granted and T.W. released from secure detention. We agree *1051 that this was the appropriate disposition in this case.
PETITION GRANTED.
ALLEN, KAHN and WEBSTER, JJ., concur.