PER CURIAM.
T.C.F., arguing that the trial court improperly placed him in secure detention for 21 days after violating the terms of his home detention, seeks from this court a writ of habeas corpus. We grant his petition.
T.C.F. was adjudicated delinquent and committed to a moderate risk facility. While awaiting placement in an appropriate facility, he was temporarily placed in home detention. When the trial court later found that T.C.F. violated the terms of his home detention, the court then placed him in secure detention for 21 days. T.C.F.’s counsel objected, arguing that the maximum amount of time in secure detention authorized by statute was only five days. T.C.F. now seeks relief in this court. Upon violation of home detention in these circumstances, section 985.215(10)(b), Florida Statutes (2005), plainly authorizes a placement of only five days in secure detention. Thus, the trial court’s placement of 21 days in the instant case is erroneous. On facts indistinguishable from those in the instant case, our sister courts in T.W. v. Edwards-Ellis, 903 *693 So.2d 1050 (Fla. 1st DCA 2005) and J.B. v. Rayford, 707 So.2d 434 (Fla. 3d DCA 1998) held that habeas corpus relief was warranted. We further note that in response to our order to show cause, the state candidly admits that the trial court’s placement of T.C.F. in secure detention for 21 days is contrary to Florida law.
Accordingly, we grant the petition and order that T.C.F. be released from secure detention immediately.
PETITION GRANTED.
SHARP, W., MONACO and TORPY, JJ., concur.